UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SALVATORE N. GADSDEN,<br><br>Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>Defendant. | Case No. 3:25-cv-02865<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

**NOW COMES** SALVATORE GADSDEN ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, the North Carolina Debt Collection Act ("NCDCA") under N.C. Gen. Stat. § 75-50 et seq., as well as Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§1331 and 1337(a), as the action

1

arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(c)(2) as Defendant's principal place of business is located in the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age and resides in Durham, North Carolina.

5. Defendant is a debt collection agency that purchases and collects past-due accounts, primarily in the healthcare, telecommunications, and financial services industries. Defendant provides such services to consumers across the country, including consumers located in the state of North Carolina. Defendant is incorporated under the laws of the state of Delaware with its principal office located at 4222 Trinity Mills Rd STE 260, Dallas, Texas, within the Northern District of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to the instant action, Plaintiff and AT&T, Inc. ("AT&T") contracted for the provision of certain internet and telephone services incurred for personal, household, and family purposes.

8. Plaintiff began noticing certain billing discrepancies related to the amounts he was being charged each month for the services.

9. Plaintiff thereafter ceased receiving services from AT&T and switched providers.

10. AT&T charged off amounts related to the billing discrepancies despite Plaintiff's dispute of said discrepancies, thus creating debt ("subject consumer debt").

11. Plaintiff thereafter began receiving correspondence from Defendant alleging that he owed AT&T the subject consumer debt.

12. Upon information and belief, Defendant's initial contacts to Plaintiff falsely represented that Defendant was AT&T calling on its own behalf collecting the subject consumer debt, and only upon Plaintiff's demands for information did its ruse become clear.

13. Plaintiff demanded that Defendant stop calling him on or about February 24, 2025. This phone conversation lasted about 53 minutes, 40 seconds.

14. Subsequently, Plaintiff emailed Defendant to formally indicate in writing that he was disputing the validity of the subject consumer debt.

15. Defendant replied that it would mark the account as disputed and periodically stopped contacting Plaintiff about the debt.

16. For about five months, Plaintiff was experiencing unwanted collection communications with AT&T during Defendant's silence.

17. In or around August 2025, however, Defendant eventually resumed its harassing collection activities by placing calls to Plaintiff's cellular phone, (252) XXX-2870, in attempts to collect on the same subject debt it sought after on behalf of AT&T, despite already having acknowledged receipt of Plaintiff's dispute of the debt.

18. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2870. Plaintiff is and has always been financially responsible for the cellular phone and its services.

19. Defendant has primarily used the phone numbers (984) 234-7214 and (743) 229-2876 when contacting Plaintiff, but upon information and belief, it has used other numbers as well.

20. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

21. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling attempting to collect upon the same subject debt.

22. Plaintiff indicated to Defendant that he had repeatedly disputed the amount that AT&T was asserting it owed.

23. Yet again, Plaintiff demanded that Defendant's phone calls cease.

24. Defendant continued to ignore Plaintiff and place calls to him well after he demanded such calls cease.

25. Frustrated and concerned about Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies excessive collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, diminished space for data storage on his cellular phone, and numerous violations of his state and federally-protected rights to be free from harassing, abusive, and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant is a "debt collector" as defined by § 1692a(6) because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Moreover, Defendant is a "debt collector" under § 1692a(6) because it acquired rights to the subject debt after it was in default, and explicitly identifies itself as a debt collector, as seen in its email signature, which states: "This communication is from a debt collector."

33. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due, to others, and is similarly a business whose principal purpose is the collection of debts.

34. Defendant used phone calls to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

35. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

 a. **Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14(b)(2)**

36. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls or text messages are made repeatedly and continuously. Debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary following this section confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector."

38. Among the various factors, 12 C.F.R. 1006.14(b)(2) explicitly lists relevant communications that would rebut the presumption, including: (i) whether the person previously informed the debt collector that the person did not wish to be contacted again about the particular debt, (ii) that the person was refusing the pay the particular debt, or (iii) that the person did not owe the particular debt.

39. Defendant violated § 1692d(5) and 12 C.F.R. § 1006.14(b)(2) by engaging in abusive, harassing, and oppressive conduct through relentless calls on Plaintiff's cellular phone seeking immediate payment on the subject debt. Under the 12 C.F.R. 1006.14(b)(2) factors, Plaintiff previously notified Defendant that he refused to pay the particular debt because there were disputed billing charges on his account. Plaintiff further verbally instructed Defendant to cease collection communications and activities, including stopping phone calls and text messages.

40. Despite Plaintiff's clear refusal of continued communications, Defendant further violated § 1692d(5) and 12 C.F.R. 1006.14(b)(2) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

    b. **Violations of 15 U.S.C § 1692e**

41. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A)
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).
>
> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11).

43. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

44. Defendant further violated §§ 1692e, 1692e(10), and 1692e(11) when it failed to disclose to Plaintiff in its conversations with him that it was a third party debt collector, and in fact led Plaintiff to believe that he was communicating with AT&T directly. Upon information and belief, Defendant engaged in this course of conduct in the hopes that Plaintiff would be more likely to

submit payment if he believed his payment was going directly to AT&T, rather than a third party debt collector.

### c.  Violations of FDCPA § 1692f

45. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuously harassing Plaintiff. Defendant repeatedly called multiple times a day without Plaintiff's consent and in such a manner volume that can only be reasonably intended to harass.

47. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls and text messages to consumers in an attempt to collect on a debt.

**WHEREFORE**, Plaintiff SALVATORE N. GADSDEN, respectfully requests that this Honorable Court enters judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from further communicating with Plaintiff;

c. Award Plaintiff statutory and actual damages, in an amount to be determined at evidentiary hearing, for the underlying FDCPA violations;

d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as this Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

50.  Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

51. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of TDCA § 392.302**

52. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

53. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone despite Plaintiff's clear revocation of consent for Defendant to place calls to him regarding the subject consumer debt. The repeated contacts were made with the hope that Plaintiff would succumb to harassment and ultimately submit a payment. Rather than understanding Plaintiff's situation and refraining from collections until the disputed debts were resolved, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

54. Defendant had ample reason to be aware that it should not continue its harassing calling campaign, as evidenced by its own email confirmation of Plaintiff's dispute of the debt back in February 2025. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome. Upon information and belief, it was Defendant's goal to extract payment from Plaintiff through its coercive tactics.

    **b. Violations of TDCA § 392.304**

55. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

56. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone and notifying Defendant that the payment was in dispute, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, SALVATORE N. GADSDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

59. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

   **a. Violations of NCDCA § 75-52**

60. The NCDCA, pursuant to N.C. Gen. Stat. § 75-52 provides that "[n]o debt collector shall use any conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt." Additionally, N.C. Gen. Stat § 75-52(3) prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances . . . ."

61. Defendant violated § 75-52 and § 75-52(3) of the NCDCA when it continued contacting Plaintiff after he had specifically told it to stop, and that he felt harassed by Defendant's pervasive calls. Such conduct naturally constituted an unreasonable harassment of Plaintiff, particularly as he had told Defendant to stop and Defendant was aware under the circumstances that Plaintiff found continued contacts harassing.

   b. **Violations of NCDCA § 75-54**

62. The NCDCA, pursuant to N.C. Gen. Stat. § 75-54 provides that "[n]o debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

63. Defendant violated § 75-54 by falsely identifying itself as AT&T in efforts to get Plaintiff to submit payment. Upon information and belief, Defendant used AT&T's name and information when collecting debts owed to AT&T from consumers, in hopes that said consumers will be more likely to agree to pay AT&T than Defendant.

64. Defendant further violated § 75-54 through the fraudulent nature of its conduct in continuing to contact Plaintiff in direct violation of his instructions to refrain from doing so. Defendant's course of conduct in this manner naturally and deceptively misrepresented to Plaintiff

that it had the legal right to contact him notwithstanding his directions, despite these actions being prohibited by N.C. Gen. Stat § 75-52.

### b. Violations of NCDCA § 75-55

65. The NCDCA, pursuant to N.C. Gen. Stat. § 75-55, prohibits debt collectors from using "any unconscionable means" to attempt to collect a debt.

66. Defendant violated § 75-55 of the NCDCA by attempting to collect on a debt by the use of unconscionable means. Defendant unfairly and unconscionably attempted to collect on a consumer debt through the harassing phone calls to Plaintiff, as well as seeking to collect the disputed debt. Plaintiff repeatedly informed Defendant that certain billing discrepancies were present on his account, to which Defendant took no meaningful action, instead merely continuing to seek the debt balance from Plaintiff.

**WHEREFORE**, Plaintiff, SALVATORE N. GADSDEN, respectfully request that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

   c. Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

   d. Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 75-56(a) and 75-16.1;

   e. Enjoining Defendant from further contacting Plaintiff; and,

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE NORTH CAROLINA CONSUMER PROTECTION STATUTE

67. Plaintiff repeats and realleges paragraphs 1 to 66 as though fully set forth herein.

68. The subject consumer debt constitutes "commerce" as defined by the N.C. Gen. Stat. § 75-1.1(b).

69. N.C. Gen. Stat. § 75-1.1(a) states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

70. Defendant violated N.C. Gen. Stat. § 75-1.1(a) in much the same way it violated the NCDCA.

71. Additionally, violations of the NCDCA constitute violations of the NCCPS. *See* N.C. Gen. Stat. § 75-56(a).

WHEREFORE, Plaintiff, SALVATORE N. GADSDEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under N.C. Gen. Stat. § 75-16;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under N.C. Gen. Stat. § 75-16.1;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT V - INVASION OF PRIVACY-INTRUSION UPON SECLUSION

72. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

73. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

74. Defendant's persistent and unwanted phone calls placed to Plaintiff's cellular phone and work phone eliminated Plaintiff's right to privacy.

75. Defendant's unsolicited phone harassment campaign not only severely disrupted Plaintiff's privacy and overall focus, but also continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life. Instead, Plaintiff's attention has been upended by Defendant's harassing collection campaign.

76. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, and/or any other location in which Plaintiff would have normally brought his cellular phone.

77. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

78. As detailed above, by persistently calling Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, and caused Plaintiff to suffer concrete and particularized harm.

79. Defendant's relentless collection efforts and tactic of repeatedly dialing Plaintiff's cellular phone after he requested that these calls cease is highly offensive and outrageous to a reasonable person.

80. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, SALVATORE N. GADSDEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

   c. Award Plaintiff punitive damages;

   d. Award Plaintiff reasonable attorney's fees and costs;

   e. Enjoining Defendants from contacting Plaintiff; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT VI - TRESPASS TO CHATTELS

81. Plaintiff restates and realleges paragraphs 1 through 80 as though fully set forth herein.

82. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

83. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

84. Courts have applied this tort theory to unwanted telephone calls. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

85. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

86. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

87. Defendant barraged Plaintiff with numerous phone calls after he made demands that they stop, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

88. Defendant knew or should have known that its communications were not consented to, evidenced by Plaintiff and Defendant's prior email exchanges confirming Plaintiff's dispute of the debt.

89. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, the loss of battery life, and the significant loss of storage space.

90. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

WHEREFORE, Plaintiff, SALVATORE N. GADSDEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.


Dated: October 20, 2025              Respectfully submitted,

                                     */s/ Alexander J. Taylor*
                                     Alexander J. Taylor, Esq.
                                     *Counsel for Plaintiff*
                                     Sulaiman Law Group, Ltd.
                                     2500 South Highland Ave., Suite 200
                                     Lombard, Illinois 60148

(630) 575-8181 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com